UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **RICHARD FUNCHES,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**IRS, sued as Internal Revenue Service,** )<br>)<br>**Defendant.** ) | Case No. 10-2092 |

# REPORT AND RECOMMENDATION

In April 2010, Plaintiff Richard L. Funches filed a Complaint (#1) against the Internal Revenue Service, alleging that the IRS had erroneously imposed sanctions against Plaintiff for failing to file his 2004 tax return. This court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1).

In October 2010, Defendant filed Defendant's Motion to Dismiss Plaintiff's Complaint Without Prejudice for Failure to Serve Process, Or Alternatively With Prejudice for Failure to Prosecute Complaint (#8). Plaintiff has not filed any response. This Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Dismiss Plaintiff's Complaint Without Prejudice for Failure to Serve Process, Or Alternatively With Prejudice for Failure to Prosecute Complaint **(#8)** be **GRANTED** and that the case be dismissed with prejudice.

### I. Standard

In stating where involuntary dismissal may be appropriate, the Federal Rules of Civil Procedure provide as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Seventh Circuit explains that dismissing a case under this rule is a drastic remedy:

> Once a plaintiff has gone beyond a failure to serve and has also failed to adhere to the orders of the court, the situation may transform itself from a simple failure to obtain service to a failure to prosecute the action. Rule 41(b) specifically grants a court authority to dismiss with prejudice. It is a drastic remedy, which should never be lightly imposed, but that is not to say that to impose such an order is beyond the authority of the court.

*O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000).

## II. Discussion

Plaintiff filed his Complaint (#30) in April 2010. On May 17, 2010, this Court entered a deficiency order, stating that Plaintiff must provide the court with a copy of the complaint for each defendant, and completed summons and U.S. Marshals service forms (#5). The Court order stated that failure to comply with the order within thirty days would result in summary dismissal of the case without prejudice.

On May 17, 2010, Plaintiff was given leave to file an amended complaint. On July 16, 2010, Plaintiff was ordered to file an amended complaint within 14 days. Plaintiff still has not filed an amended complaint.

In June 2010, Defendant filed a Motion to Quash Summons Insufficiently Served Upon the Office of the United States Attorney (#6). Plaintiff did not file a response, and the court granted the motion.

In July 2010, Plaintiff filed a Motion for Extension of Time to Seek Legal Assistance (#7). Hearings requiring a personal appearance were scheduled and cancelled twice, first due to Plaintiff's job interview and then due to Plaintiff's hospitalization. On August 27, this Court granted Plaintiff's motion, providing him with an additional thirty days to seek legal representation. The case was continued generally.

Defendant filed the present motion to dismiss on October 5, 2010.  Notice was mailed to Plaintiff that he had fourteen days to respond.  Plaintiff has still not responded to Defendant's motion to dismiss.

The Court notes that Plaintiff has failed to comply with the Court order to file an amended complaint, and he has failed to respond the Defendant's present motion to dismiss for failure to prosecute.  As the Seventh Circuit has described, this goes beyond a mere failure to serve process.  Plaintiff has failed to adhere to court orders, and has failed to prosecute this action.  Therefore, dismissal with prejudice is warranted.

### III.  Summary

For the reasons stated above it is my recommendation pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Defendant's Motion to Dismiss Plaintiff's Complaint Without Prejudice for Failure to Serve Process, Or Alternatively With Prejudice for Failure to Prosecute Complaint **(#8)** be **GRANTED**.  I recommend dismissal be with prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 22nd day of November, 2010.

                                                    s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE